UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SIERRA D. F.-T.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

Defendant.

CASE NO. 3:25-CV-05931-DWC

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of Defendant's denial of her application for supplemental security income ("SSI").[1] The Court concludes that the Administrative Law Judge ("ALJ") erred when he failed to properly consider a medical opinion. Had the ALJ properly considered this medical opinion, the ALJ may have found the residual functional capacity ("RFC") assessment should have included additional limitations, or the ultimate determination of disability may have changed. The ALJ's error is, therefore, not harmless, and this matter is reversed and remanded pursuant to sentence four of 42

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 1

U.S.C. § 405(g) to the Commissioner of the Social Security Administration for further proceedings consistent with this order.

**I.      Procedural History**

Plaintiff filed her application for SSI on September 27, 2022, alleging disability as of March 1, 2022. AR 44, 52. Her claim was denied initially on October 19, 2023, AR 52, and upon reconsideration on July 22, 2024. AR 63. A hearing was held before ALJ Derek Johnson ("the ALJ") on February 10, 2025, who issued a decision denying Plaintiff's claim on March 5, 2025. AR 17–31. The Appeals Council denied Plaintiff's request for review on August 12, 2025, making the ALJ's decision the Commissioner's final decision subject to judicial review. AR 1. From this decision, Plaintiff filed a complaint with this Court on October 20, 2025, seeking judicial review of the ALJ's decision denying SSI. Dkt. 5.

**II.     Standard of Review**

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citation omitted). "We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which [they] did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

"[H]armless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a). Generally, an error is harmless if it is not prejudicial to the claimant and is "inconsequential to

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 2

the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115.

**III.    Discussion**

In her Opening Brief, Plaintiff alleges the following issues: (1) the ALJ improperly rejected Plaintiff's subjective symptom testimony regarding her migraines; and (2) the ALJ improperly rejected a medical source opinion. Dkt. 10 at 3, 8.

A.  *Medical Opinion Evidence*

Plaintiff challenges the ALJ's evaluation of medical opinion evidence from her "primary care provider[,]" AR 29, Nurse Practitioner Katrina Moen ("FNP Moen"). Dkt. 10 at 10.

For SSI applications filed after March 27, 2017, in evaluating medical opinion evidence, ALJ's "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Rather, the ALJ must consider every medical opinion or prior administrative medical finding in the record and evaluate the persuasiveness of each opinion using specific factors. *Id.* The critical factors in an ALJ's determination of persuasiveness are the "supportability" and "consistency" of each opinion. *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2).

"Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.'" *Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022) (quoting 20 C.F.R. § 404.1520c(c)(1)); *see also id.* at § 416.920c(c)(1). A medical opinion is more "supportable," and therefore, more persuasive, when the sources provide ample relevant "objective medical evidence and supporting explanations" for the medical opinion. *Id.* "Consistency means the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 3

claim.'" *Woods*, 32 F.4th at 792 (quoting 20 C.F.R. § 404.1520c(c)(2)); *see also id.* at § 416.920c(c)(2). An ALJ must articulate "how [they] considered the supportability and consistency factors for a medical source's opinion" when making their decision. *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2). "Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

FNP Moen filled out a questionnaire on Plaintiff's behalf on January 6, 2025. AR 2009–13. In the questionnaire, FNP Moen noted Plaintiff's medical conditions included "chronic migraines[,]" that occurred "[e]veryday[,]" and could last "6+ hours or days at a time." AR 2011. FNP Moen ultimately concluded that she "[w]ould expect [Plaintiff] to miss 16 hours (the equivalent of two full workdays) or more per month from even a simple, routine job because of her impairments, symptoms, or medications and their side effects" due to "constant HA's [(headaches)], fatigue, nausea, dizziness." AR 2012.

The ALJ found FNP Moen's opinion was not persuasive because "the severity of her opinions are not supported by [Plaintiff]'s treatment records and are inconsistent with [the] longitudinal record and lack of diagnostic/clinical findings." AR 29. Specifically, as to supportability, the ALJ determined that FNP Moen "provided little analysis to support the severity of her opinion. In addition, her opinion is not supported by treatment[,]" because "treatment notes show mostly normal physical and mental examinations, with some chronic pain symptoms." *Id.* Regarding consistency, the ALJ found that FNP Moen's opinion was "inconsistent with the medical evidence of record[,] [f]or instance, a musculoskeletal exam . . . found [Plaintiff] had normal gait, no sensory deficit or weakness, and 5/5 strength[,]" and "an x-ray of [Plaintiff] . . . shows a little bit of arthritis but nothing significant." *Id.*

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 4

Again, as to consistency, the ALJ asserted that FNP Moen's opinion was inconsistent with the longitudinal record; however, the medical records that the ALJ found inconsistent with FNP Moen's opinion—Plaintiff's "musculoskeletal exam" that showed "normal gait, no sensory deficit or weakness, and 5/5 strength" and an "x-ray" that showed "a little bit of arthritis but nothing significant"—are not necessarily inconsistent with FNP Moen's opinion that "chronic migraines" would cause Plaintiff "to miss 16 hours" or more per month. AR 29, 2009, 2012. Moreover, the ALJ did not provide an explanation as to *how* those specific findings from Plaintiff's musculoskeletal exam and x-ray were inconsistent with FNP Moen's opinion about Plaintiff's migraines and their impact on her ability to regularly attend work. AR 29. This was error, because an ALJ has a duty to "set forth" their reasoning "in a way that allows for meaningful review[,]" *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015), which requires building an "accurate and logical bridge from the evidence to [the ALJ's] conclusions." *Michael D. v. Comm'r of Soc. Sec.*, No. 2:22-CV-464-DWC, 2022 WL 4377400, at *3 (W.D. Wash. Sept. 22, 2022) (quoting *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003)).

Likewise, as to supportability, the ALJ stated that FNP Moen's opinion was not supported because treatment records "show mostly normal physical and mental examinations, with chronic pain symptoms." AR 29. Here too, the ALJ does not explain how normal mental and physical examinations do not support FNP Moen's opinion about the impact chronic migraines would have on Plaintiff's ability to regularly attend work. *Id.* This was error. *See Michael D.*, 2022 WL 4377400, at *3 (requiring an ALJ to build an "accurate and logical bridge from the evidence to [the ALJ's] conclusions."). At bottom, the ALJ failed to explain how "mostly normal physical and mental examinations" did not support FNP Moen's opinion, nor how the aforementioned "medical evidence of record" cited by the ALJ, the musculoskeletal

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 5

exam and the x-ray, were inconsistent with FNP Moen's opinion about the impact Plaintiff's migraines would have on her ability to attend work. Thus, the ALJ erred.

Applying the harmless error analysis, the Court concludes that if the ALJ had properly considered FNP Moen's opinion, the RFC, or the ultimate disability determination may have changed. For example, the questions posed to the vocational expert may have reflected FNP Moen's opinion that, due to Plaintiff's "chronic migraines[,]" she could be expected to miss "16 hours" of work per month. AR 2009, 2012. Accordingly, the ALJ's error is not harmless and requires reversal. *See Stout*, 454 F.3d at 1055; *see also Molina*, 674 F.3d at 1115.

B. *Subjective Symptom Testimony*

In light of this disposition, the Court declines to address Plaintiff's remaining argument regarding her subjective symptom testimony, because, on remand, the ALJ must re-evaluate the entire sequential evaluation process, including all medical opinion evidence and Plaintiff's subjective symptom testimony.

**IV.    Conclusion**

Based on the foregoing reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** for further administrative proceedings, consistent with this order.

Dated this 3rd day of April, 2026.

David W. Christel
United States Magistrate Judge

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 6